**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

**Civil Action No. 15-cv-00108-MSK-NYW**

**AMERICAN GENERAL LIFE INSURANCE COMPANY,**

    **Plaintiff,**

**v.**

**HAROLD A. HENTHORN;**
**ESTATE OF TONI B. HENTHORN, a/k/a Toni Bertolet; and**
**GARY CLEXTON, as Special Administrator of the Estate of Toni B. Henthorn a/k/a Toni Bertolet,**

    **Defendants, and**

**BARBARA CASHMAN, as Guardian** *ad litem* **of H. Henthorn,**

    **Proposed Intervenor.**

---

**OPINION AND ORDER DENYING MOTION TO INTERVENE AND SETTING ORAL ARGUMENT AS TO RECOMMENDATION AND OBJECTIONS**

---

    **THIS MATTER** is before the Court primarily on the Magistrate Judge's August 11, 2015 Recommendation **(# 75)** that, as pertinent here, recommends that the Court abstain from exercising jurisdiction over this matter and, accordingly, deny as moot Ms. Cashman's Motion to Intervene **(# 12)** (among other pending motions). Both Mr. Henthorn **(# 77)** and Plaintiff American General Life Insurance Company ("AGLI") **(# 78)** filed Objections to the portion of the Recommendation that this Court abstain from exercising jurisdiction. Ms. Cashman filed a sort of contingent Objection **(# 76)** to the Recommendation, agreeing that the Court should abstain from exercising jurisdiction but objecting to the possibility that the Court might order costs and fees payable to AGLI. In this Order, the Court addresses Ms. Cashman's Motion to

Intervene, Mr. Henthorn's response **(# 17)**, AGLI's response **(#18)**, and Ms. Cashman's reply **(#21)**, and sets AGLI and Mr. Henthorn's Objections to the Recommendation for oral argument.

## FACTS

Given the limited scope of this Order, the Court supplies only a cursory and simplified factual recitation. In September 2012, Toni Henthorn fell to her death while hiking with her husband, Defendant Harold Henthorn. At the time, Ms. Henthorn was the insured on a $ 1.5 million life insurance policy issued by AGLI. Mr. Henthorn is the primary beneficiary named in that policy, and Ms. Henthorn's estate is the contingent beneficiary. In January 2013, a probate case was opened in the Colorado District Court for Douglas County to administer Ms. Henthorn's estate. In that proceeding, Defendant Gary Clexton was appointed as Personal Representative of Ms. Henthorn and Special Administrator of her estate; Ms. Cashman was appointed as guardian *ad litem* of H. Henthorn, the Henthorns' minor daughter. Mr. Henthorn and H. are the sole heirs to Ms. Henthorn's estate.

Mr. Henthorn made a claim on AGLI for benefits under the policy in September 2013. AGLI did not immediately pay over those benefits. Eventually, suspicion arose that Mr. Henthorn was responsible for Ms. Henthorn's death and in late 2014, a federal grand jury indicted Mr. Henthorn for the murder of his wife.[1] Relying on C.R.S. § 15-11-803, the "Slayer Statute" that prevents persons committing homicides from receiving life insurance proceeds or bequests from the victim, AGLI commenced this action in interpleader. It deposited the life insurance proceeds with the Court and now seeks an order discharging all potential claims against it arising out of that policy. Mr. Henthorn and Mr. Clexton have both asserted claims to

---

[1] The charge against Mr. Henthorn was recently tried to a jury and Mr. Henthorn was convicted of murder. Mr. Henthorn may appeal or otherwise challenge a resulting judgment, and currently such determination is not final.

the proceeds. In addition, Mr. Henthorn has asserted a counterclaim against AGLI, alleging that AGLI's refusal to promptly pay over the benefits in September 2013 constituted a bad faith breach of the insurance policy.

Ms. Cashman has moved to intervene **(# 12)** in the interpleader action, arguing that: (i) as a potential beneficiary of Ms. Henthorn's estate, she[2] has an interest in the proceeds of the AGLI policy; and (ii) that her interest could be impaired if she is not permitted to intervene in these proceedings because the AGLI proceeds are not yet the subject of the ongoing probate proceedings; and (iii) Mr. Clexton, on behalf of the estate, cannot sufficiently represent that interest because Mr. Clexton is a "represents the estate alone and not the interests of any particular beneficiary."

On August 11, 2015, the Magistrate Judge issued a Recommendation **(# 75)** that this Court decline to exercise jurisdiction over AGLI's interpleader claim, instead deferring to the ongoing probate proceedings in state court. The Recommendation suggested that, as a consequence, Ms. Cashman's motion to intervene in these proceedings could be denied as moot. The Recommendation did not address Mr. Henthorn's counterclaim against AGLI.

## **ANALYSIS**

### A. Motion to intervene

Ms. Cashman seeks to intervene in the interpleader portion of the action pursuant to Fed. R. Civ. P. 24. That rule provides that, upon timely motion, the court must allow a person to intervene in the action if: (i) that person claims an interest in the property that is the subject of the action; (ii) the disposition of the action may impair or impede that person's ability to protect

---

[2] Observing both the legal fiction that Ms. Cashman acts in the place of the child and in deference to the traditional practice of maintaining the anonymity of minors participating in litigation, the Court will refer to Ms. Cashman as if she is indeed H.

that interest; and (iii) the person's interests are not adequately represented by existing parties. *Tri-State Generation and Transmission Ass'n, Inc. v. New Mexico Public Regulation Com'n.*, 787 F.3d 1068, 1071 (10th Cir. 2015). The Court concludes that Ms. Cashman's motion is timely, but it fails to establish the remaining requirements.

Turning first to whether Ms. Cashman asserts a sufficient interest, the inquiry into whether a movant has a sufficient interest in the litigation is driven entirely by practical concerns, although an inquiry into whether that interest is "direct, substantial, and legally-protectable" can be persuasive, albeit not controlling. *See San Juan County v. U.S.*, 503 F.3d 1163, 119-97 (10th Cir. 2007). Here, the action commenced by AGLI is in the form of interpleader, the purpose of which is to provide "a forum in which the holder of money admittedly owing to someone and claimed by several parties may have the question of entitlement to the fund settled in one proceeding and be himself discharged from all further liability as to the fund." *Massachusetts Mut. Life Ins. Co. v. Central-Penn Nat'l Bank*, 362 F.Supp. 1398, 1401 (E.D.Pa. 1973). The money in this case is the benefit payable under the AGLI policy, and there are two claimants asserting an entitlement to it: Mr. Henthorn, as the named primary beneficiary on the policy, and Mr. Clexton, on behalf of Ms. Henthorn's estate, as the contingent beneficiary.

Ms. Cashman does not claim that she has any direct interest in the policy benefits, which is to say, Ms. Cashman does not contend that she is named as an additional beneficiary under the policy. Rather, Ms. Cashman's interest in the insurance proceeds is entirely conditional and derivative: <u>if</u> the policy proceeds are found to be payable to Ms. Henthorn's estate instead of Mr. Henthorn, and <u>if</u> Ms. Cashman is found to be the sole heir to that estate, only then will the she obtain an actual interest in those proceeds. Even if the Court were to assume that these

4

conditions are likely to be satisfied, the fact remains that, at present, Ms. Cashman's interest in the proceeds of the policy is still conditional. This is too indirect an interest in the proceeds to support intervention.

Even if Ms. Cashman can be said to have an interest in the insurance proceeds, the Court is unconvinced that this interest is in any way separate from Mr. Clexton's interest in securing those proceeds for the benefit of the estate. This is fairly self-evident from the preceding analysis: assuming she is found to be the sole heir of Ms. Henthorn's estate, Ms. Cashman will receive all of the assets that ultimately comprise that estate after expenses are paid. It is thus in her interest that the estate collect as much property as possible. As Special Administrator of the estate, Mr. Clexton's interests are the same: he is obligated to "take all steps reasonably necessary to protect and preserve the estate" and performs that act in a fiduciary capacity for creditors and beneficiaries of the estate. *Estate of Schiola v. Colorado Dep. of Health Care Policy & Financing*, 51 P.3d 1080, 1082 (Colo.App. 2002); *see also Colo. Nat. Bank of Denver v. Friedman*, 846 P.2d 159, 173 (Colo. 1993); C.R.S. § 15-12-709.

At least for purposes of bringing assets <u>into</u> the estate, Mr. Clexton and Ms. Cashman have identically-situated interests. The example of conflicting interests given in Ms. Cashman's reply brief – that Mr. Clexton "owes certain duties . . . to all beneficiaries and cannot be seen to favor one beneficiary's interests over the interests of another" – would appear to be referring to a situation where Mr. Clexton is making a <u>distribution</u> from the estate to one beneficiary to the detriment of another. That is not a situation that the Court will encounter in adjudicating the limited scope of AGLI's interpleader claim.[3]

---

[3] It is not clear whether Ms. Cashman is arguing that Mr. Clexton's fiduciary duty to all potential heirs of Ms. Henthorn – which, at least preliminarily, includes Mr. Henthorn – prevents Mr. Clexton from seeking to invoke the Slayer Statute in order to obtain the insurance proceeds

Accordingly, the Court finds that Ms. Cashman has not demonstrated a sufficiently definite interest that is otherwise unprotected in the interpleader action to permit her to intervene as of right under Rule 24.  Moreover, the Court finds that, given the ability of Mr. Clexton to sufficiently protect H's contingent interest in collecting the policy proceeds on behalf of the estate during the interpleader action, the Court also denies leave to Ms. Cashman to intervene permissively.  *See Tri-State*, 787 F.3d at 1075 (permissive intervention may be denied upon finding that movant's interest is adequately represented by existing parties).

Accordingly, the Court **DECLINES TO ADOPT** the Recommendation, in part, only as to its recommendation that the Motion to Intervene **(# 12)** be denied. Otherwise the Court **RESERVES** consideration of the Recommendation and Objections.  Ms. Cashman's Motion to Intervene **(# 12)** is **DENIED.**

### B.  Setting of oral argument

Having had the opportunity to review the Recommendation and the parties' Objections, the Court finds it appropriate to schedule oral argument to clarify certain matters.  Among other things, the Court requests that the parties be prepared:

• to address the extent to which Mr. Henthorn's counterclaim for bad faith breach of contract is appropriate for bifurcation from the interpleader claim; that is, the extent to which the interpleader claim and the bad faith breach of contract claim share common questions of law or fact;

---

on behalf of the estate, as doing so would operate to the detriment of a potential beneficiary.  If this is Ms. Cashman's argument, the Court rejects it.  It is not unusual for an Administrator attempting to collect all of the property of the estate to encounter a situation in which a potential beneficiary claims a title to the same piece of property as the estate – *e.g.* a piece of jewelry in the hands of a potential beneficiary who claims title to it as an *inter vivos* gift from the decedent, whereas the Administrator claims that the jewelry was merely loaned to the potential beneficiary by the decedent and remains property belonging to the estate.  In such circumstances, the Administrator is statutorily-authorized to seek to recover the item, even to the point of commencing suit against the beneficiary, in order to benefit the estate as a whole. C.R.S. § 15-12-709.

- to address the extent to which the probate proceedings currently involve invocation by Mr. Clexton or any other party of the Slayer Statute against Mr. Henthorn;

- to address whether any party intends to request a civil determination by the Court of Mr. Henthorn's status pursuant to C.R.S. § 15-11-803(7)(b), or whether all parties intend to simply abide by the final outcome of the criminal proceedings.

The Court will hear these matters and any further argument as to the merits of the Recommendation and the Objections at a hearing on **Thursday, November 12, 2015** at **1:30 p.m.**

Dated this 22nd day of September, 2015.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge